UNITED STATES DISTRICT COURT
SOUTHREN DISTRICT OF NEW YORK

| | |
|---|---|
| AHRON BERLIN asserting claims in its own right, and as the assignee and real party in interest of the claims of NATHAN KAUFMAN, <br><br> Plaintiff, <br><br> -Against- <br><br> JOEL KOHN; YISOCHER KAUFMAN; ISRAEL KLEIN, BERRY'S COOLING & HEATING, LLC.; MOISHE SCHWARTZ; PHILIPPE ISSA; PEANUT INDUSTRIES INC. D/B/A VELVET BROOKLYN; JOHN DOES 1 through 20 ; JANE DOE 1 through 10; AND ABC CORPORATIONS 1 THROUGH 10, <br><br> Defendants. | |

# 22 CV 05331

Civil Action No.  CV

**JURY TRIAL DEMANDED**

**COMPLAINT**

RECEIVED
SDNY PRO SE OFFICE
2022 JUN 24  AM 11: 52

## INTRODUCTION AND SUMMARY OF ACTION

1.  This racketeering case arises from a series of shocking acts of FORGERY, NOTARY FRAUD, NOTARIAL  MISCONDUCT, Money Laundering, Bank Fraud, Mortgage Fraud,  Outright Fraud, Deceit, Illegal Hotel Enterprise, Litigation misconduct including without limitation  fraud on the court that involved the most egregious litigation misconduct, and related criminal acts perpetrated by the herein defendant.

2.  As more fully described below NATHAN KAUFMAN, was and is the primary  victim of **a swindle scheme** arising among other things,  from forgery, the defendants herein shamelessly forged NATHAN KAUFMAN's  signature on instruments which purports to convey away, such a conveyance which purported to convey away and dissipate his entire assets.

3.  As more fully described below NATHAN KAUFMAN 's forged signatures were  purportedly witnessed and notarized, largely, by a key player in said swindle scheme, namely Defendant

1

ISRAEL KLEIN.

4.　Said **swindle scheme** engineered by the Defendants' described herein among other things was aimed primary at the victim NATHAN KAUFMAN, since NATHAN KAUFMAN is a **Israely**, that doesn't speak English well at all. Only very poor street language, but does not read English at all. and therefore, he depends on the assistance of others in matters similar to translation, including by way of example and not as a limitation pertaining to the 16th Ave Property, and the property located at 174 Broadway the ("Nathan Kaufman's Properties") usually the payment of certain bills, property taxes, utilities, etc., so he was an easy target for their malice.

5.　The Said swindle scheme had been engineered by his sun YISOCHER KAUFMAN and joel Khon both acted in concert and in conspiracy with each other and others, effectively arranged to take maximum advantage of Nathan Kaufman, including, by way of example and not limitation, they had fed him with false misleading information, Joel Kohn and his son Yisocher Kaufman also used a combination of strong-arm tactics to misdirect him, said act was motivated by malicious greed and completed with wanton disregard for the law.

## JURISDICTION AND VENUE

6.　　This is an action brought pursuant to the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*. This court has supplemental jurisdiction over Plaintiffs state law claims under 28 U.S.C. 1367(a)

7.　The Defendants are subject to personal jurisdiction in this State pursuant to 18 U.S.C. § 1965(d) and are also subject to personal jurisdiction in that they either reside in this State, engage in the transaction of business in this State and/or engaged in substantial activities

within the State and/or committed a tortious act within this State. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 insofar as this is an action arising under the laws of the United States.

8.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) and (d) in that a substantial part of the events or omissions giving rise to the claims made in this action occurred in this District. In addition, pursuant to 18 U.S.C. § 1965(a), venue is proper in this district as one of the Defendants resides in this district, one of the Defendants acts as an agent for the other Defendants in this district, and all of the Defendants transact their affairs in this District.

## THE PARTIES

9.   The Plaintiff AHRON BERLIN ("Plaintiff'), is an individual that at all times relevant to the allegations contained herein has resided at 3 Liska Way, #101, Monroe NY, 10950

10.  The Defendant JOEL KOHN is a person who, upon information and belief, is and was a resident of the State of New York, residing at 179 South 8th Street, Brooklyn, NY 11211. The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

11.  The Defendant YISOCHER KAUFMAN is a person who, upon information and belief, is and was a resident of the State of New York, The Defendant is a "person" within the meaning of 18 U.S.C. §1961(3). Upon information and belief, the Defendant YISOCHER KAUFMAN does business under the name of BERRY'S COOLING & HEATING, LLC. 15 Meadow Street, Brooklyn, NY 11206

12.    The Defendant ISRAEL KLEIN is a person who, upon information and belief, is and was a resident of the State of New York, residing at 185 Clymer Street, Brooklyn, New York 11211. The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

13.    The Defendant BERRY'S COOLING & HEATING, LLC, upon information and belief is an unincorporated entity doing business in the State of New York with its principal place of business located at 15 Meadow Street, Brooklyn, NY 11206. The Defendant is an entity capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

14.    The Defendant PHILIPPE ISSA is a person who, upon information and belief, is and was a resident of the State of New York, residing at 174 Broadway Brooklyn, NY 11211. The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

15.    The Defendant PEANUT INDUSTRIES INC, D/B/A VELVET BROOKLYN upon information and belief is an unincorporated entity doing business in the State of New York with its principal place of business located at 174 Broadway Brooklyn, NY 11211. The Defendant is an entity capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

16.    The Defendant MOISHE SCHWARTZ is a person who, upon information and belief, is and was a resident at 7 Shivtei Israel Street  Jerusalem, Israel 9510523 The Defendant is

an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

17.     The Defendants JOHN DOE #1 through #10 are fictitious names representing persons of both gender, whose real names and identities are currently unknown to Plaintiff, and who have conducted and participated in, and conspired, confederated and agreed with the Defendants to conduct and participate in the affairs of the Enterprise through a pattern of racketeering activities in violation of 18 U.S.C. § 1962 (c) and (d), as more fully described below and to injure Plaintiff in his business and property by reason thereof. The Defendants are individuals capable of holding a legal or beneficial interest in property and are therefore "persons" within the meaning of 18 U.S.C. § 1961(3).

18.     Defendant ABC Corporations #1 through # 10 are corporations, partnerships and other business entities or organizations whose real names and identities are currently unknown to Plaintiff, and who have conducted and participated in, and conspired, confederated and agreed with the Defendants to conduct and participate in the affairs of the Enterprise through a pattern of racketeering activities in violation of 18 U.S.C. § 1962 (c) and (d), as more fully described below and to injure Plaintiff in his business and property by reason thereof. The Defendants are entities capable of holding a legal or beneficial interest in property and are therefore "persons" within the meaning of 18 U.S.C. § 1961(3).

19.     The DEFENDANT BERRY'S COOLING & HEATING, LLC. also referred to herein as the "RICO Enterprise", is a New York State corporation, that is cited here as a defendant, also as a racketeering enterprise, as such term is used in the RICO statute, and from which property, including real property, was damaged and stolen from Plaintiff, and from

NATHAN KAUFMAN, and from where the businesses of Plaintiff,  and NATHAN KAUFMAN were damaged, and revenue thereof stolen as a direct result of the defendants promoting the use of racketeering acts resulting in a pattern of racketeering activity as defined in 18 United States Code §1962; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1961, and by which DEFENDANTS JOEL KOHN; YISOCHER KAUFMAN; ISRAEL KLEIN; BERRY'S COOLING & HEATING, LLC.; MOISHE SCHWARTZ; PHILIPPE ISSA; PEANUT INDUSTRIES INC. D/B/A VELVET BROOKLYN,   have directly enriched themselves through the commission of multiple crimes, including predicate crimes under the RICO statute, including but not limited to mail fraud, wire fraud, extortion, interstate and international travel in promotion of racketeering, stolen merchandise on federal highways, and transportation of stolen merchandise over federal highways, while operating behind the DEFENDANT BERRY'S COOLING & HEATING, LLC. corporate veil.


20. As more fully described hereinbelow, the business activities of DEFENDANT BERRY'S COOLING & HEATING, LLC, as well as the herein defendants continuous promoting of prohibited racketeering activities while acting through, and from behind the corporate veil of Defendant BERRY'S COOLING & HEATING, LLC, directly affects both interstate and foreign commerce.

21. The Defendant PEANUT INDUSTRIES INC. D/B/A VELVET BROOKLYN. Rented the storefront at 174 Broadway Brooklyn, NY 11211 from NATHAN KAUFMAN in 2006 and had fully knowledgeable that NATHAN KAUFMAN is the rightful owner and

despite dealing for years with NATHAN KAUFMAN in about 2009 he participated fully

with the swindle scheme, including without limitation money laundering, bank fraud,

mortgage fraud, outright fraud, deceit, illegal hotel enterprise, litigation misconduct

including without limitation fraud on the court that involved the most egregious

litigation misconduct, while operating behind the Defendant PEANUT INDUSTRIES

INC. D/B/A VELVET BROOKLYN corporate veil.

22.    The Defendant PEANUT INDUSTRIES INC. D/B/A VELVET BROOKLYN. also

referred to herein as the "RICO Enterprise", is a New York State corporation, that is cited

here as a defendant, also as a racketeering enterprise, as such term is used in the RICO

statute, and from which property, including real property, was damaged and stolen from

Plaintiff, and from NATHAN KAUFMAN, and from where the businesses of Plaintiff,

and NATHAN KAUFMAN were damaged, and revenue thereof stolen as a direct result

of the defendants promoting the use of racketeering acts resulting in a pattern of

racketeering activity as defined in 18 United States Code §1962; and falling within the

parameters of the prohibited activities proscribed by 18 United States Code §1961, and

by which DEFENDANTS JOEL KOHN; YISOCHER KAUFMAN; ISRAEL KLEIN;

BERRY'S COOLING & HEATING, LLC.; MOISHE SCHWARTZ; PHILIPPE ISSA;

PEANUT INDUSTRIES INC. D/B/A VELVET BROOKLYN,  have directly enriched

themselves through the commission of multiple crimes, including predicate crimes under

the RICO statute, including but not limited to mail fraud, wire fraud, extortion, interstate

and international travel in promotion of racketeering, money laundering, bank fraud,

mortgage fraud,  outright fraud, deceit, illegal hotel enterprise, litigation misconduct

including without limitation  fraud on the court that involved the most egregious

litigation misconduct, while operating behind the Defendant PEANUT INDUSTRIES

INC. D/B/A VELVET BROOKLYN corporate veil.

23.    As more fully described hereinbelow, the business activities of DEFENDANT PEANUT

INDUSTRIES INC. D/B/A VELVET BROOKLYN, as well as the herein defendants

continuous promoting of prohibited racketeering activities while acting through, and from

behind the corporate veil of Defendant PEANUT INDUSTRIES INC. D/B/A VELVET

BROOKLYN, directly affects both interstate and foreign commerce.

24.    Defendant MOISHE SCHWARTZ is named herein as a party defendant for damages and

injuries caused to Plaintiff, and NATHAN KAUFMAN by his continuous commission of

fraudulent acts and promoting racketeering crimes, resulting in a pattern of racketeering

activity as  defined in 18 United States Code §1962; and falling within the parameters of

the prohibited activities proscribed by 18 United States Code §1961 By way of  example

and not limitation Moishe Schwartz submitted sworn affidavits  in (Sup. Ct. Kings

County) Kohn, et al. v Berlin, et al., Index 525127/2021 as follows: in his

AFFIRMATION IN FURTHER SUPPORT OF ORDER TO SHOW CAUSE WITH

TEMPORARY RESTRAINING ORDER [NYSCEF #84, at 2-3 ]

> stated in part:   "On or about June, 2014, as sole member of MC Schwartz, I
> formed the K&K Trust as an irrevocable trust, and appointed Joel Kohn and
> Yisocher Kaufman (collectively "Trustees") as the only trustees. 3.
>        Pursuant to the K&K Trust agreement, as sole member of MC Schwartz, I
> transferred to the Trustees the property known as 174 Broadway, Brooklyn, NY
> 11211 (the "174 Property"), which was owned by MC Schwartz."

25.    Said sworn affidavits despite being contradicting  all circumstantial evidence and

multiple previous statement and sworn affidavit of himself it is also evidence of his

continuous commission of fraudulent acts and promoting racketeering crimes, resulting in

a pattern of racketeering activity as defined in 18 United States Code §1962;.

26.    Defendant MOISHE SCHWARTZ is named herein as a party defendant for damages and

injuries caused to Plaintiff, and NATHAN KAUFMAN by his continuous commission of

fraudulent acts and promoting racketeering crimes, resulting in a pattern of racketeering

activity as defined in 18 United States Code §1962; and falling within the parameters of

the prohibited activities proscribed by 18 United States Code §1961, including, but not

limited to, mail fraud, wire fraud, threats to Plaintiff Aaron Berlin, extortion, money

laundering, bank fraud, mortgage fraud, outright fraud, deceit, illegal hotel enterprise,

litigation misconduct including without limitation fraud on the court that involved the

most egregious litigation misconduct, while operating behind the Defendant PEANUT

INDUSTRIES INC. D/B/A VELVET BROOKLYN corporate veil and having derived

income directly from a pattern of racketeering activity in violation of 18 USC § 1962,

while acting on behalf of himself and while acting in concert with other defendants

herein, and with the intent of causing, and having directly caused, damage and loss to

property of Plaintiff, and to NATHAN KAUFMAN, and business belonging to Plaintiff

and NATHAN KAUFMAN, as well as to unjustly enrich himself and the other

defendants herein.

**FACTS**

27.    On or about July 30, 1986, NUTTA REALTY CORP. acquired title to a certain parcel of

real property commonly known as 5516 16th Avenue, Brooklyn, New York ("5516

Property").

28.  That NUTTA REALTY CORP. is solely owned by NATHAN KAUFMAN.

29.  On or about February 29, 1996, Broadway 174 Corp. acquired title to a certain parcel of real property commonly known as 174 Broadway, Brooklyn, New York ("174 Property").

30.  Broadway 174 Corp. was solely owned by NATHAN KAUFMAN.

31.  On or about February 19, 2007, Broadway 174 Corp. transferred title of the 174 Property to MC SCHWARTZ LLC. That NATHAN KAUFMAN was sole member of MC SCHWARTZ LLC.

32.  That NATHAN KAUFMAN appointed his son-in-law MOISHE SCHWARTZ as a nominee for NATHAN KAUFMAN consisted, in part, with assisting NATHAN KAUFMAN in the refinance of real property that NATHAN KAUFMAN owned, through the LLC.

33.  It's important for this Court to be aware that MOISHE SCHWARTZ's involvement and affiliation with the property was only as a nominee in accordance with, including but limited to an express oral agreement, as evidence that MOISHE SCHWARTZ never financed anything, never even visited the 174 Property.

The Formation Of The N&K and K&K TRUST Revocable Trust.

34.  On or about June 19, 2014, NATHAN KAUFMAN, as grantor and trustee, formed The N&K TRUST, a revocable trust.

35.  NATHAN KAUFMAN named his son, YISOCHER KAUFMAN, as successor trustee of the N&K TRUST, Revocable Trust.

36.  The purpose of The N&K TRUST, Revocable Trust, was to manage the 5516 Property.

37.    On or about June 19, 2014, NATHAN KAUFMAN, as grantor and trustee, formed The K&K TRUST, a Revocable Trust.

38.    NATHAN KAUFMAN named his son, YISOCHER KAUFMAN, as successor trustee of The K&K TRUST, Revocable Trust.

39.    The purpose of The K&K TRUST, Revocable Trust, was to manage the 174 Property.

40.    That NATHAN KAUFMAN furnished YISOCHER KAUFMAN with copies of the trusts agreements.

41.    That  NATHAN KAUFMAN asked YISOCHER KAUFMAN for his assistance to facilitate the transfer of the 174 Property and 5516 Property into the respective trusts.

## THE SWINDLE SCHEME

42.    On a date after June 19, 2014, JOEL KOHN, YISOCHER KAUFMAN and third-parties drafted the N&K Trust, an irrevocable trust purportedly formed by NUTTA REALTY CORP. and  NATHAN KAUFMAN, dated June 2, 2014.

43.    Pursuant to the N&K Trust, Irrevocable Trust, dated June 2, 2014, JOEL KOHN and YISOCHER KAUFMAN were named as Trustees.

44.    Pursuant to the N&K Trust, Irrevocable Trust, the trust was formed for the management of the 5516 Property.

45.    That JOEL KOHN, YISOCHER KAUFMAN forged NATHAN KAUFMAN's signature to the N&K Trust, Irrevocable Trust.

46.    That ISRAEL KLEIN, a notary public, acknowledged NATHAN KAUFMAN's signature on the N&K Trust, Irrevocable Trust, without witnessing NATHAN KAUFMAN signing the agreement and knowing that the signature was a forgery.

47.    That the acknowledgment states that Israel Klein witnessed  NATHAN KAUFMAN sign

the N&K Trust, Irrevocable Trust, on June 12, 2014 nine days after to its creation.

48.    On a date after June 19, 2014, JOEL KOHN, YISOCHER KAUFMAN drafted The

K&K Trust, an irrevocable trust purportedly formed by MC SCHWARTZ, LLC and

Moishe Schwartz, as officer, dated June 19, 2014.

49.    Pursuant to the K&K Trust, Irrevocable Trust, the trust was formed for the

management of 174 Property.

50.    That JOEL KOHN and YISOCHER KAUFMAN forged Moishe Schwartz's signature to

the K&K Trust, Irrevocable Trust.

51.    That ISRAEL KLEIN, a notary public, acknowledged Moishe Schwartz's signature on

the K&K Trust, Irrevocable Trust, without witnessing Moishe Schwartz signing the

agreement and knowing that the signature was a forgery.

52.    That the acknowledgment states that ISRAEL KLEIN witnessed MOISHE SCHWARTZ

sign the K&K Trust, Irrevocable Trust, on June 10, 2014, nine days prior to its creation, a

facial impossibility on its face as having been notarized on a date  prior to its creation,

[NYSCEF #8, at p1,p25,p27 ] annexed hereto as Exhibit "B ".

53.    On or about October 7, 2014, JOEL KOHN, YISOCHER KAUFMAN, and ISRAEL

KLEIN, prepared a deed and transfer documents conveying title from the 5516 Property

to the N&K Trust, Joel Kohn and Yisocher Kaufman, as Trustees.

54.    On or about October 7, 2014, JOEL KOHN and YISOCHER KAUFMAN forged

NATHAN KAUFMAN's signature on the deed and transfer documents that conveyed

title from the 5516 Property to the N&K Trust, Irrevocable Trust.

55.    That ISRAEL KLEIN acknowledged defendant NATHAN KAUFMAN's signature on

the deed to the 5516 Property without witnessing NATHAN KAUFMAN signing the

document and knowing that the signature was a forgery.

56. The deed conveying title to the 5516 Property to the N&K Trust, Irrevocable Trust, was recorded in the Office of the Register of the City of New York on November 3, 2014, under CRFN No.: 2014000364724.

57. On or about October 7, 2014, JOEL KOHN, YISOCHER KAUFMAN, and ISRAEL KLEIN, prepared a deed and transfer documents conveying title from the 174 Property to the K&K Trust, Joel Kohn and Yisocher Kaufman, as Trustees.

58. On or about October 7, 2014, JOEL KOHN and YISOCHER KAUFMAN forged Moishe Schwartz's signature on the deed and transfer documents that conveyed title from the 174 Property to the K&K Trust, Irrevocable Trust.

59. That ISRAEL KLEIN acknowledged Moishe Schwartz's signature on the deed to the 174 Property without witnessing Moishe Schwarts signing the agreement and knowing that the signature was a forgery.

60. The deed conveying title to the 174 Property to the K&K Trust, Irrevocable Trust, was recorded in the Office of the Register of the City of New York on November 24, 2014, under CRFN No.: 2014000390781.

61. On or about May 11, 2016, JOEL KOHN and YISOCHER KAUFMAN gave a mortgage to ARBOR COMMERCIAL MORTGAGE, LLC, encumbering the 174 Property, in exchange of $1,589,444.53.

62. The May 11, 2016 mortgage was recorded in the Office of the City Register of the City of New York on June 3, 2016 under CFRN No.: 2016000188511.

63. On or about May 12, 2016, JOEL KOHN and YISOCHER KAUFMAN gave a consolidated mortgage to ARBOR COMMERCIAL MORTGAGE, LLC, encumbering

the 174 Property, in exchange for the consolidated sum of $2,000,000.00.

64.    The May 12, 2016, mortgage was recorded in the Office of the City Register of the City

of New York on June 3, 2016 under CFRN No.: 2016000188512 That JOEL KOHN and

YISOCHER KAUFMAN took the proceeds from the mortgage and put it towards their

own use.

65.    On January 14, 2018, NATHAN KAUFMAN YISOCHER KAUFMAN went to a Beth

Din to resolve the issues regarding the fraudulent trusts.

66.    The Beth Din issued a decision that YISHOCHER KAUFMAN amongst other things,

was not allowed to exercise control over the 5516 Property and 174 Property.

67.    the **Beth Din** determined that  NATHAN KAUFMAN is the only person that can

exercise control over these properties, **In pertinent part:**

> ("And he admitted in the presence of the aforementioned Party B that the buildings belong solely to Party A, and that they are his private properties which he purchased, and that he established the aforementioned trusts,
>
> and the reason for registering the two aforementioned people with the trust was because of unrelated reasons which do not affect any right within the aforementioned buildings, but everything belongs solely to Party A.
>
> And no one has the right to make use of his money and the aforementioned properties of Party A without the explicit permission of Party A.
>
> And if someone withdrew money without explicit permission from Party A, he must return all of the money to Party A. ")

**THE MANNER AND MEANS BY WHICH THE SWINDLE SCHEME HAS BEEN
ENGINEERED AND CARRIED OUT, INCLUDING WITHOUT LIMITATION, THE
FRAUD UPON THE COURT THAT INVOLVED THE MOST EGREGIOUS FRAUD
ON THE COURT, AS FOLLOWS:**

68.     by way of example and not limitation, On or about October 7, 2014, JOEL KOHN,

        YISOCHER KAUFMAN, and ISRAEL KLEIN, fraudulently prepared a deed and

        transfer documents containing NATHAN KAUFMAN's forged signature conveying

        title of the 5516 Property to the N&K Trust, and falsely naming Joel Kohn and Yisocher

        Kaufman, as Trustees, annexed hereto as Exhibit "A" is the said October 7, 2014, sham

        Deed conveying title of the 5516 Property to the N&K Trust .

69.     ISRAEL KLEIN, fraudulently notarized the forged signature of NATHAN KAUFMAN,

        conveying title of the 5516 Property to the N&K Trust despite knowing that he did not

        actually sign the Fraudulent October 7, 2014, Deed, conveying title of the 5516 Property

        to the N&K Trust.

70.     The October 7, 2014, Deed conveying title of the 5516 Property to the N&K Trust,

        annexed hereto as Exhibit "A" is a forgery. NATHAN KAUFMAN never signed it,

        never consented to it either implicitly or explicitly. NATHAN KAUFMAN was never

        told that the Deed was prepared or recorded. NATHAN KAUFMAN knew nothing

        about this Deed until much later.

**EVEN A LAYPERSON'S REVIEW OF NATHAN KAUFMAN'S REAL SIGNATURE
CLEARLY SHOWS THAT NATHAN KAUFMAN'S SIGNATURE ON THE OCTOBER
7, 2014 DEED IS A FORGERY**

71.     Even a layperson's review of NATHAN KAUFMAN's real signature on any other

        documents versus this forged signature on the Fraudulent October 7, 2014, Deed, clearly

        shows that NATHAN KAUFMAN's signature on the October 7, 2014 annexed hereto as

        Exhibit "A" is a forgery.

**FRAUD ON THE COURT BY JOEL KOHN, YISOCHER KAUFMAN, and ISRAEL**

**KLEIN AND BY THEIR ATTORNEY.**

72.    By way of further example and not limitation, JOEL KOHN, YISOCHER KAUFMAN,

and ISRAEL KLEIN, submitted sworn affidavits in (Sup. Ct. Kings County) Kohn, et al.

v Berlin, et al., Index 525127/2021 as follows:

73.    On or about 10/04/2021, Joel Kohn in his AFFIRMATION IN SUPPORT OF ORDER

TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER [NYSCEF #5, at,

7] stated in part:

> On or about October 7, 2014, the Grantor of N&K Trust transferred the
> 5516 Property to the N&K Trust. [Exhibit C].

74.    Likewise, On or about 10/04/2021, YISOCHER KAUFMAN in his AFFIRMATION IN

SUPPORT OF ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING

ORDER [NYSCEF #6, at 7 ] at paragraph 7 stated in part:

75.    
> On or about October 7, 2014, the Grantor of the K&K Trust transferred
> the 5516 Property to the N&K Trust. [Exhibit C].

76.    Likewise, On or about 2/11/2022, Israel Klein, in his AFFIRMATION IN FURTHER

SUPPORT OF ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING

ORDER [NYSCEF #85, at 1-4 ] stated in part:

> Israel Klein, for religious reasons, hereby affirms under the penalties of
> perjury:
> 1.    I am a Third-Party Defendant in this action and was the notary
> public who notarized the signatures of the N&K Trust ("N&K Trust") and
> The K&K Trust ("K&K Trust," together with the N&K Trust, the
> "Trusts") and as such I am fully familiar with the facts recited herein.
> 2.    In June of 2014, I was a licensed notary public in the State of New
> York and my commission expiring on October 25, 2017.
> 3.    I have reviewed the documents filed with the Court that reflect my
> signature as notary (the "Klein Notarized Documents"). [NYSCEF Doc
> Nos. ]

I can confirm that is my signature and notary stamp and I did witness Moishe Schwartz and Nathan Kaufman sign the Klein Notarized Documents. I recall witnessing their signatures.

77.    Likewise, On or about 03/02/22 YISOCHER KAUFMAN in his declaration in support of the motion to dismiss the **Bankruptcy** case [ECF 22-35063-cgm No. 18 at 9]  stated in part:

78.                  Consistent with the provisions of the N&K Trust Agreement, **Nutta transferred the 5516 Property to the N&K Trust by deed dated October 7, 2014.** The deed was recorded in the Office of the City Register for the City of New York on November 3, 2014. Annexed hereto as Exhibit F is a true and correct copy of the October 7, 2014 deed, together with related transfer documents. The deed and other transfer documents for the 5516 Property were signed by **Nathan on behalf of Nutta and duly notarized by Israel Klein.**

79.    JOEL KOHN, and YISOCHER KAUFMAN carefully choose to use the same notary, namely ISRAEL KLEIN for almost all their notarizations of documents, related to the swindle scheme, maliciously engineered  against NATHAN KAUFMAN.

80.    By way of further example and not limitation ISRAEL KLEIN' notarization  the fraudulent  K&K TRUST, displays a facial impossibility on its face as having been notarized on a date  prior to its creation, [NYSCEF #8, at p1,p25,p27 ] annexed hereto as Exhibit "B"

81.    The Plaintiff  therefor and hereby asserts, that by reason of a series of organized, continuous, calculated, and prearranged false representation of facts that were knowingly and willfully made by the Defendant and by their attorney throughout the swindle scheme and who are all notoriously related to the swindle scheme constitute  fraud upon the court.

## ISRAEL KLEIN'S, INVOLVEMENT IN MONEY LAUNDERING AND HIS MONEY

### LAUNDERING ENTERPRISE.

82.   Upon information and belief, JOEL KOHN, YISOCHER KAUFMAN deliberately

choose to use   ISRAEL KLEIN as their notary amoung other thinks including but not

limited to,  is because their involvement with him in his money laundering enterprise,

they were laundering their illegal money by his money laundering enterprise.

83.   by way of further example and not limitation ISRAEL KLEIN worked as a bookkeeper

for some clothing [garment]  company  for decades as  the manager  of two sets of

financial records, an "official" set of records as well as a shadow set of records reflecting

the cash transactions.

84.   ISRAEL KLEIN submitted a sworn affidavit in (Sup. Ct. Kings County) BARUCH

GLAUBER, against -AVROM R. VANN, AVROM R. VANN PC, et al., Index No.

16097/12  [NYSCEF #21, at 3 ] **stated in part:**

85.   "During tine course of my employment, I observed that a significant portion of

G&G's income was in the form of cash receipts. Accordingly, G&G's accounting

system was composed of two sets of financial records, an "official" set of records as

well as a shadow set of records reflecting the cash transactions."

86.   Despite ISRAEL KLEIN's statement "I observed" . . .  or "Accordingly, G&G's

accounting system was composed of two sets of financial records" . . even so, Plaintiff

Berlin was closely  involved at the same time as ISRAEL KLEIN reported said shadow

set of records books to the FBI as  the manager of said money laundering, however, said

reported included ISRAEL KLEIN's money laundering enterprise as well ,and because

his cooperation with the authorities he was granted some form of immunity.

87.   A copy ISRAEL KLEIN's reported shadow records books are in possession by Plaintiff

Berlin.

88.   By way of example and not limitation Moishe Schwartz submitted sworn affidavits in

(Sup. Ct. Kings County) Kohn, et al. v Berlin, et al., Index 525127/2021 as follows: in his

AFFIRMATION IN FURTHER SUPPORT OF ORDER TO SHOW CAUSE WITH

TEMPORARY RESTRAINING ORDER [NYSCEF #84, at 2-3 ] stated in part:

89.              2.      On or about June, 2014, as sole member of MC Schwartz, I formed
the K&K Trust as an irrevocable trust, and appointed Joel Kohn and
Yisocher Kaufman (collectively "Trustees") as the only trustees. 3.
Pursuant to the K&K Trust agreement, as sole member of MC Schwartz, I
transferred to the Trustees the property known as 174 Broadway, Brooklyn,
NY 11211 (the "174 Property"), which was owned by MC Schwartz.

90.   It's important for this Court to be aware that NATHAN KAUFMAN was against appointing a

trustee in any shape or form, to the trusts he created, that no trustee shall control his properties

etc.

**NATHAN KAUFMAN WAS AGAINST APPOINTING A TRUSTEE BECAUSE HE HAS
BEEN ADVISED AND CAUTIONED BY HIS FRIENDS NOT TO HAVE A TRUSTEE
IN ANY SHAPE OR FORM**

91.   NATHAN KAUFMAN was against appointing a trustee in any shape or form because he has

been advised and warned by his friends not to have a trustee in any shape or form perhaps

because his friends know about the stress and pressure that NATHAN KAUFMAN experience

with his children and family,

92.   Moreover, his son Yisocher Kaufman didn't have any meaningful discussion or meeting with

his father, since about 2010 despite NATHAN KAUFMAN asked for.

93. To keep the fraud going, his son Yisocher Kaufman highly recommended JOEL KOHN as the most trusted person and brought him to his father and eagerly encouraged his father to work with him, despite telling other people including to Plaintiff Berlin that JOEL KOHN is a very dangerous person.

94. As more fully described above the fact that NATHAN KAUFMAN was against appointing a trustee in any shape form to the trusts he created to control his properties etc., still, JOEL KOHN and his son Yisocher Kaufman consistently used a combination of strong-arm tactics to bully and intimidate NATHAN KAUFMAN.

95. By way of example and not as a limitation his son Yisocher Kaufman fold his father that JOEL KOHN made him sign on an agreement which his father didn't understand, and that JOEL KOHN become a trustee with authority on NATHAN KAUFMAN's properties, immediately thereof NATHAN KAUFMAN become very nervous he wanted to clarify what agreement he is referring, but both Yisocher Kaufman and JOEL KOHN start pushing the issue for 6 months and again 5 months, and so on using strong arm tactics against him.

96. These strong arm tactics included, but were not limited to. making and then backing out multiple proposed "settlement" agreements, and then changing the terms to ones more favorable to JOEL KOHN and his son Yisocher Kaufman.

## THE DEFENDANTS CONDUCTED A RICO ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY IN FURTHERANCE OF THEIR CONSPIRACY TO VIOLATE 18 U.S.C. $ 1962(c). IN VIOLATION OF 18 U.S.C. $ 1962(d)

97. At all relevant times, DEFENDANTS JOEL KOHN; YISOCHER KAUFMAN; ISRAEL KLEIN; BERRY'S COOLING & HEATING, LLC.; MOISHE SCHWARTZ; PHILIPPE

ISSA; PEANUT INDUSTRIES INC. D/B/A VELVET BROOKLYN, (collectively referred to herein as the "Defendants" or "RICO Defendants") were associated in fact together for the common purpose of engaging in the course of conduct described herein. Defendants formed and conducted an association-in-fact which operated as a RICO "enterprise" (herein after the "Enterprise") within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c) & (d) and which was engaged in, and whose activities affected interstate and foreign commerce. The individuals and entities that associated together to form this association-in-fact enterprise functioned as a continuing unit.

98. At all relevant times, and from at least March of 2013 to the present time, the Defendants were associated with the Enterprise and conducted or participated, directly or indirectly, in the management and operation of the affairs of the Enterprise through a "pattern of racketeering activity" within the meaning of 18. U.S.C. § 1961(5). The acts constituting the "pattern of racketeering activity" were horizontally related to each other and were connected in their nature and purpose to each other and to other acts of racketeering by virtue of common participants, their relationship to the same Enterprise, a common victim (the Plaintiff), a common method of commission, and the common purpose and common result of defrauding and causing injury to the Plaintiff. The acts constituting the pattern of racketeering activity were vertically related to the Enterprise. The pattern of racketeering activity engaged in and conducted by the Defendants has been continuous from at least March 2013 to date. Moreover, the pattern of racketeering activity committed by the Defendants is open-ended, in that it has no predetermined end date, and is continuous in that the scheme is and was the Defendants' regular way of operating and conducting themselves and/or their ongoing business and thus there exists the threat of continuing

long-term racketeering activity.

99.    Each Defendant has conducted or participated, directly or indirectly, in the management and operation of the affairs of the Enterprise through a "pattern of racketeering activity" through the commission of multiple acts of racketeering, including acts of "mail fraud" in violation of 18 U.S.C, 1341, "wire fraud" in violation of 18 U.S.C. § 1343, extortion and conspiracy to commit and attempted extortion in violation of 18 U.S.C. §1951.

100.   At all relevant times, Defendants were associated with the enterprise and agreed and conspired to violate 18. U.S.C. § 1962(c), that is, the Defendants conspired, confederated and agreed together to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. § 1962(d).

101.   Plaintiff has suffered substantial injury to his business and property by reason of, and as the result of, the Defendants' commission of the enumerated racketeering acts in furtherance of the Defendants' conspiracy to violate of 18 U.S.C. § 1962(c), all in violation    of    18    U.S.C.    §    1962(d)    and    §    1964(c).

### THE DEFENDANTS' SCHEME TO DEFRAUD THE PLAINTIFF AND TO OBTAIN HIS PROPERTY THROUGH EXTORTION

102.   The RICO Defendants, acting together in concert and conspiracy, have participated in a continuously running scheme, dating from at least 2013 and lasting to present time, in which, acting jointly and severally, they have, among other acts, made fraudulent property conveyances, arranged for and obtained fraudulent mortgages, committed bank fraud, insurance fraud, bankruptcy fraud, forgery and extortion in order to achieve and conceal

their scheme to defraud.

103.   At all relevant times, and from at least middle of  2013 to the present time, the Defendants were associated with the Enterprise and conducted or participated, directly or indirectly, in the management and operation of the affairs of the Enterprise through a "pattern of racketeering activity" within the meaning of 18. U.S.C. § 1961(5). The acts constituting the "pattern of racketeering activity" were horizontally related to each other and were connected in their nature and purpose to each other and to other acts of racketeering by virtue of common participants, their relationship to the same Enterprise, a common victim (the Plaintiff), a common method of commission, and the common purpose and common result of defrauding and causing injury to the Plaintiff and his family, the acts constituting the pattern of racketeering activity were vertically related to the Enterprise. The pattern of racketeering activity engaged in and conducted by the Defendants has been continuous from at least on middle of 2013. to date.

104.   Moreover, the pattern of racketeering activity committed by the Defendants is open-ended, in that it has no predetermined end date, and is continuous in that the scheme is and was the Defendants' regular way of operating and conducting themselves and/or their ongoing business and thus there exists the threat of continuing long-term racketeering activity.

105.   Each Defendant has conducted or participated, directly or indirectly, in the management and operation of the affairs of the Enterprise through a "pattern of racketeering activity" through the commission of multiple acts of racketeering, including acts of "mail fraud" in violation of 18 U.S.C, 1341, "wire fraud" in violation of 18 U.S.C. § 1343, extortion and

conspiracy to commit and attempted extortion in violation of 18 U.S.C. §1951.

106.    At all relevant times, Defendants were associated with the enterprise and agreed and conspired to violate 18. U.S.C. § 1962(c), that is, the Defendants conspired, confederated, and agreed together to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. § 1962(d).

107.    Plaintiff has suffered substantial injury to his business and property by reason of, and as the result of, the Defendants' commission of the enumerated racketeering acts in furtherance of the Defendants' conspiracy to violate of 18 U.S.C. § 1962(c), all in violation of 18 U.S.C. § 1962(d) and § 1964(c).

## AS AND FOR  FIRST CAUSE OF ACTIO
( AGAINST ALL DEFENDANTS )
### FEDERAL CIVIL RICO, 18 U.S.C. § 1962(c)

108.    Plaintiff repeats, realleges, and incorporates herein by reference the preceding paragraphs as if set forth fully herein.

109.    Defendants (collectively, "RICO Defendants") violated RICO and Plaintiff was injured as a result.

110.    Each RICO Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 U.S.C. § 1961(3).

111.    Each RICO Defendant violated 18 U.S.C. § 1962(c) by the acts described in the prior paragraphs, and as further described below.

112.    The Enterprise. RICO Defendants form an association-in-fact for the common and

continuing purpose described herein and constitute an enterprise within the meaning of

18 U.S.C. § 1961(4) and engaged in the conduct of their affairs through a continuing

pattern of racketeering activity. There may also be other members of the enterprise who

are unknown at this time.

113.    Pattern of Racketeering Activity. RICO Defendants, each of whom are persons associated

with, or employed by, the enterprise, did knowingly, willfully and unlawfully conduct or

participate, directly or indirectly, in the affairs of the enterprise through a pattern of

racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5), and 1962(c).

The racketeering activity was made possible by RICO Defendants' regular and repeated

use of the facilities and services of the enterprise. RICO Defendants had the specific

intent to engage in the substantive RICO violations alleged herein.

114.    Predicate Act: Use of Mails and Wires to Defraud Plaintiff in Violation of 18 U.S.C. §§

1341 and 1343. RICO Defendants committed acts in violation of 18 U.S.C. §§ 1341 and

1343 in that they devised or intended to devise a scheme to defraud Plaintiff and other

parties or to obtain money from Plaintiff by means of false or fraudulent pretenses,

representations or promises. For the purpose of executing their scheme or artifice, RICO

Defendants caused delivery of various documents and things by the U.S. mails or by

private or commercial interstate earners or received such therefrom. RICO Defendants

also transmitted or caused to be transmitted by means of wire communications in

interstate or foreign commerce various writings, signs and signals. The acts of RICO

Defendants set forth above were done with knowledge that the use of the mails or wires

would follow in the ordinary course of business or that such use could have been foreseen, even if not actually intended. These acts were done intentionally and knowingly with the specific intent to advance RICO Defendants' scheme. RICO Defendants carried out their scheme in different states and could not have done so unless they used the U.S. mails or private or commercial interstate carriers or interstate wires. In furtherance of their scheme alleged herein, RICO Defendants communicated among themselves in furtherance of the scheme to defraud Plaintiff and others. Plaintiff is informed and believes that these communications were typically transmitted by wire (i.e., electronically) and/or through the United States mails or private or commercial earners.

115.   More specifically, RICO Defendants used wire and/or U.S. mail or private or commercial carriers to transmit payments, correspondence, and purported litigation documents for the purpose of continuing their fraudulent scheme.

116.   RICO Defendants' shared objective was and is to divert funds to their own benefit and to facilitate the payment of illegitimate litigation.

117.   As a direct and proximate result of RICO Defendants' false representations, false pretenses and deceptive communications and RICO Defendants' participation in such enterprise, Plaintiff has been damaged in being required to defend against the confirmation of numerous illegitimate litigation nationwide.

118.   <u>Continuity of Conduct</u>. RICO Defendants' violations of law as set forth herein, each of which directly and proximately injured Plaintiff, constituted a continuous course of conduct spanning a period from approximately early 2013 to present, which was intended to obtain money through false representations, fraud, deceit, and other improper means.

Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C. §§ 1961(1) and (5).

119.    Upon information and belief, RICO Defendants have conducted and/or participated, directly and/or indirectly, in the conduct of the affairs of the alleged enterprise through a pattern of racketeering activity as defined herein in violation of 18 U.S.C. § 1962(c). The unlawful actions of RICO Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff in its business in that Plaintiff has been compelled to expend resources and has suffered damage to its business interests and reputation as a result of such racketeering activity. Plaintiff seeks an award of damages in compensation for the injury. Plaintiff accordingly seeks an award of three times the damages it sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized by statute.

## AS AND FOR  SECOND CAUSE OF ACTION
### ( AGAINST ALL DEFENDANTS )
### FEDERAL CIVIL RICO, 18 U.S.C. § 1962(D)

120.    Plaintiff repeats, realleges, and incorporates herein by reference the preceding paragraphs as if set forth fully herein.

121.    In violation of 18 U.S.C. § 1962(d), RICO Defendants, and each of them, knowingly, willfully, and unlawfully conspired to facilitate a scheme which included the operation or management of a RICO enterprise through a pattern of racketeering activity

122.    as alleged above. The conspiracy commenced at least as early as early 2013 and is

ongoing. The conspiracy's purpose was to divert money from Plaintiff and third parties to their own benefit via fraudulent litigation awards. Each of the RICO Defendants committed at least one overt act in furtherance of such conspiracy.

123.   These acts in furtherance of the conspiracy include creating and transmitting false litigation documents, participating in illegitimate litigation , and facilitating the payment of monies to Sitcomm and the "arbitrators" via wire transfer.

124.   Even if any of the RICO Defendants did not agree to harm Plaintiff specifically, the purpose of the acts they engaged in was to advance the overall object of the conspiracy, and the harm to Plaintiff was a reasonably foreseeable consequence of RICO Defendants' actions.

125.   Plaintiff has been injured and continues to be injured in its business and property by RICO Defendants' conspiracy in violation of 18 U.S.C. § 1962(d). The unlawful actions of RICO Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff in its business or property in that Plaintiff has been compelled to expend resources and has suffered damage to its business interests and reputation as a result of such racketeering activity.

126.   Plaintiff seeks an award of damages in compensation for the injury suffered. Plaintiff further seeks an award of three times the damages it sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, as follows:
(i) On the First Cause of Action, pursuant to 18 U.S.C. § 1962(d) and § 1964(c),

awarding Plaintiff threefold his damages sustained in a sum to be determined at trial, but

believed to be not less than fifteen million dollars ($15,000,000.00) and reasonable

attorneys' fees, costs and prejudgment interest; and

(ii) Awarding such other and further relief as this Court deems just and proper.


Dated Monroe New York
June 24, 2022


Ahron Berlin

| Name (Last, First, MI) | | | |
|---|---|---|---|
| | | Berlin     Ahron | |
| Address | Monroe NY | State | Zip Code |
| 3 Liska Way, #101,  Monroe NY, 10950 | | 3 Liska Way, #101 | 10950 |
| Telephone Number | | E-mail Address | |
| 347 254 3532 | | FAX100@GMIL.COM | |

# EXHIBIT A

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2014100800247001003E4A58

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 4 |
|---|---|

| Document ID: **2014100800247001** | Document Date: 10-07-2014 | Preparation Date: 10-27-2014 |
|---|---|---|

Document Type:  DEED
Document Page Count: 2

| PRESENTER: | RETURN TO: |
|---|---|
| Y&I ACCOUNTING<br>318 ROEBLING ST.<br>BROOKLYN, NY 11211<br>718-782-1419<br>ACCOUNTING@YIACCOUNTING.COM | Y&I ACCOUNTING<br>318 ROEBLING ST.<br>BROOKLYN, NY 11211<br>718-782-1419<br>ACCOUNTING@YIACCOUNTING.COM |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 5488 | 44 | Entire Lot | 5516 16TH AVE |

Property Type:  COMMERCIAL REAL ESTATE

**CROSS REFERENCE DATA**

CRFN_____ *or* DocumentID_____ *or* _____ Year_____ Reel____ Page_____ *or* File Number_____

**PARTIES**

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| NUTTA REALTY CORP.<br>174 BROADWAY<br>BROOKLYN, NY 11211 | N&K TRUST<br>174 BROADWAY<br>BROOKLYN, NY 11211 |

☒  Additional  Parties Listed on Continuation  Page

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 250.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| NYCTA: | $ | 0.00 | Recorded/Filed       11-03-2014 10:09 | | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | | |
| TOTAL: | $ | 0.00 | **2014000364724** | | |
| Recording Fee: | $ | 47.00 | | | |
| Affidavit Fee: | $ | 0.00 | *Jennette M Hill* | | |
| | | | *City Register Official Signature* | | |

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|

2014100800247001003C48D8

**RECORDING AND ENDORSEMENT COVER PAGE  (CONTINUATION)**   **PAGE 2 OF 4**

**Document ID: 2014100800247001**   Document Date: 10-07-2014   Preparation Date: 10-20-2014
Document Type: DEED

---

**PARTIES**

**GRANTEE/BUYER:**
JOEL KOHN-TRUSTEE
204 BROADWAY
BROOKLYN, NY 11211

**GRANTEE/BUYER:**
YISOCHER KAUFMAN-TRUSTEE
829 BEDFORD AVENUE
BROOKLYN, NY 11205

— Bargain and Sale Deed, with Covenant against Grantor's Acts — Individual or Corporation (Single Sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made the 7th day of October, in the year 2014

**BETWEEN** Nutta Realty Corp
174 Broadway
Brooklyn NY 11211

party of the first part, and N&K Trust

204 Broadway

Brooklyn NY 11211

Joel Kohn -Trustee        Yisocher Kaufman-Trustee

204 Broadway              829 Bedford Avenue

Brooklyn NY 11219         Brooklyn NY 11205

party of the second part,
**WITNESSETH,** that the party of the first part, in consideration of

$10 dollars

paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors
and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being
in the Borough of Brooklyn,County of Kings,City and State of New York,bounded and described as follows:
BEGINNING at the corner formed by the intersection of the northerly side of 56th Street with the westerly side of 16th
Avenue,running thence northerly along the weserly side of 16th Avenue,100 feet; thence westerly parllel with 56th Street,20
feet;Thence southerly parallel with 16th Avenue and part of the distance through a party wall,100 feet to the northerly side of
56th Street;and thence easterly along the northerly side of 56th Street,20 feet to the corner,the point or place of Beginning

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads
abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and
rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the
party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said
premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will
receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied
first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the
improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it
read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF

Nathan Kaufman

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of Kings ss:

On the 7th day of Oct   in the year       , before me, the
undersigned, personally appeared Nathan Kaufman

, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and that
by his/her/their signature(s) on the instrument, the individual(s), or
the person upon behalf of which the individual(s) acted, executed the
instrument.

ISRAEL KLEIN
NOTARY PUBLIC, State of New York
No. 01KL6032365
Qualified in Kings County
Commission Expires Oct. 25, 20__ 17

ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS
TAKEN IN NEW YORK STATE

State of New York, County of       , ss:
On the       day of       in the year       , before me, the
undersigned, a Notary Public in and for said State, personally
appeared       , the
subscribing witness to the foregoing instrument, with whom I am
personally acquainted, who, being by me duly sworn, did depose and
say that he/she/they reside(s) in

(if the place of residence is in a city, include the street and street number if any, thereof);
that he/she/they know(s)

to be the individual described in and who executed the foregoing
instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed
his/her/their name(s) as a witness thereto

## Bargain and Sale Deed
## With Covenants

Title No.

TO

DISTRIBUTED BY

YOUR TITLE EXPERTS
The Judicial Title Insurance Agency LLC
800-281-TITLE (8485)  FAX: 800-FAX-9396

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of       , ss:

On the       day of       in the year       , before me, the
undersigned, personally appeared

, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and that
by his/her/their signature(s) on the instrument, the individual(s), or
the person upon behalf of which the individual(s) acted, executed the
instrument.

ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK
STATE

*State of       , County of       , ss:
*(Or insert District of Columbia, Territory, Possession or Foreign
County)

On the       day of       in the year       , before me       the
undersigned personally appeared

Personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to
the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their capacity(ies), that by his/her/their
signature(s) on the instrument, the individual(s) or the person upon
behalf of which the individual(s) acted, executed the instrument, and
that such individual make such appearance before the undersigned in
the

(add the city or political subdivision and the state or country or other
place the acknowledgement was taken).

SECTION:

BLOCK: 5488

LOT: 44

COUNTY OR TOWN: Kings

RETURN BY MAIL TO:

481 Accounting Inc
318 Roebling St
Brklyn NY 11211

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2014100800247001003S84D9

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

**Document ID: 2014100800247001**   Document Date: 10-07-2014   Preparation Date: 10-20-2014
Document Type: DEED

**ASSOCIATED TAX FORM ID:**   2014100700096

**SUPPORTING DOCUMENTS SUBMITTED:**

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 4 |
| SMOKE DETECTOR AFFIDAVIT | 1 |



**The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY  11373-5108**

# Customer Registration Form for Water and Sewer Billing

## Property and Owner Information:

(1)   Property receiving service: BOROUGH: BROOKLYN          BLOCK: 5488          LOT: 44

(2)   Property Address: 5516  16TH AVE, BROOKLYN, NY 11204

(3)   Owner's Name:     **N&K TRUST**

     Additional Name:     **JOEL KOHN-TRUSTEE**

## Affirmation:

 Your water & sewer bills will be sent to the property address shown above.

## Customer Billing Information:

### Please Note:

A.   Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

B.   Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address.**  DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way  relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

## Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _____          Date (mm/dd/yyyy)

Name and Title of Person Signing for Owner, if applicable:

BCS-7CRF-ACRIS  REV. 8/08

2

2014100700096101

## FOR CITY USE ONLY

| C1. County Code | | C2. Date Deed Recorded | Month Day Year |
|---|---|---|---|

| C3. Book OR | | C4. Page | |
|---|---|---|---|

C5. CRFN

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC

## PROPERTY INFORMATION

**1. Property Location**  5516  16TH AVE  BROOKLYN  11204
STREET NUMBER  STREET NAME  BOROUGH  ZIP CODE

**2. Buyer Name**  N&K TRUST
LAST NAME / COMPANY  FIRST NAME

JOEL KOHN-TRUSTEE
LAST NAME / COMPANY  FIRST NAME

**3. Tax Billing Address**  Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY  FIRST NAME

STREET NUMBER AND STREET NAME  CITY OR TOWN  STATE  ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed**  1  # of Parcels OR ☐ Part of a Parcel

**4A. Planning Board Approval - N/A for NYC**
**4B. Agricultural District Notice - N/A for NYC**

**5. Deed Property Size**  FRONT FEET  X  DEPTH  OR  ACRES

Check the boxes below as they apply:
**6. Ownership Type is Condominium**  ☐
**7. New Construction on Vacant Land**  ☐

**8. Seller Name**  NUTTA REALTY CORP.
LAST NAME / COMPANY  FIRST NAME

LAST NAME / COMPANY  FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A | One Family Residential | C | Residential Vacant Land | E | ✔ | Commercial | G | Entertainment / Amusement | I | Industrial |
| B | 2 or 3 Family Residential | D | Non-Residential Vacant Land | F | | Apartment | H | Community Service | J | Public Service |

## SALE INFORMATION

**10. Sale Contract Date**  10 / 7 / 2014
Month Day Year

**11. Date of Sale / Transfer**  10 / 7 / 2014
Month Day Year

**12. Full Sale Price** $  0

( Full Sale Price is the total amount paid for the property including personal property.
This payment may be in the form of cash, other property or goods, or the assumption of
mortgages or other obligations.)  Please round to the nearest whole dollar amount.

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**

| A | ✔ | Sale Between Relatives or Former Relatives |
| B | | Sale Between Related Companies or Partners in Business |
| C | | One of the Buyers is also a Seller |
| D | | Buyer or Seller is Government Agency or Lending Institution |
| E | | Deed Type not Warranty or Bargain and Sale (Specify Below ) |
| F | | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G | | Significant Change in Property Between Taxable Status and Sale Dates |
| H | | Sale of Business is Included In Sale Price |
| I | | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J | | None |

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class**  S, 9  **16. Total Assessed Value** (of all parcels in transfer)  1 8 8 5 5 0

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional Identifier(s) )

BROOKLYN 5488 44

**CERTIFICATION** | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

BUYER          BUYER'S ATTORNEY

BUYER SIGNATURE     DATE     LAST NAME     FIRST NAME

174 BROADWAY

STREET NUMBER   STREET NAME (AFTER SALE)     AREA CODE   TELEPHONE NUMBER   **SELLER**

BROOKLYN     NY   11211   SELLER SIGNATURE       DATE

CITY OR TOWN     STATE   ZIP CODE

2014100700096201

Form RP-5217 NYC                                                    ATTACHMENT

Grantee (Buyer)

**YISOCHER KAUFMAN-TRUSTEE**

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantor (Seller) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantee (Buyer) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantor (Seller) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantee (Buyer) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantor (Seller) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantee (Buyer) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantor (Seller) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantee (Buyer) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantor (Seller) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantee (Buyer) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantor (Seller) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantee (Buyer) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantor (Seller) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantee (Buyer) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| Grantor (Seller) | |

| LAST NAME / COMPANY | FIRST NAME |
|---|---|

201410070009620101

Form RP-5217 NYC                                                                                                    ATTACHMENT

# CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYERS**                                                          **SELLERS**

| Buyer Signature | Date | Seller Signature | Date |
|---|---|---|---|
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |

2014100700096201

Affidavit of Compliance with Smoke Detector Requirement for One and-Two Family Dwellings

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York          )
                           ) SS.:
County of K ı ^ ᴸ          )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 5516 16TH AVE | | | | |
|---|---|---|---|---|
| Street Address | | | | Unit/Apt. |
| BROOKLYN | New York, | 5488 | 44 | (the "Premises"); |
| Borough | | Block | Lot | |

That the Premises is a one or two family dwelling, or  a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

Name of Grantor (Type or Print)                    X  Joel   Name of Grantee (Type or Print)

Signature of Grantor                               X        Signature of Grantee

Sworn to before me                                 Sworn to before me
this ___7___ date of Ⓞ Ⓢ⍴____ 20 ' 4          this ____7____ date of oc⍴_____ 20 ' ⍵

ISRAEL KLEIN                                       ISRAEL KLEIN
NOTARY PUBLIC, State of New York                   NOTARY PUBLIC, State of New York
No. 01KL6032365                                    No. 01KL6032365
Qualified in Kings County                          Qualified in Kings County
Commission Expires Oct. 25, 20__' ᐧ                Commission Expires Oct. 25, 20__' ᐧ

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE-OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

1

2014100700096101

EXHIBIT B

FILED: KINGS COUNTY CLERK 10/04/2021 01:41 PM

NYSCEF DOC. NO. 8

INDEX NO. 525127/2021

RECEIVED NYSCEF: 10/04/2021

# Declaration of Trust

# THE K&K TRUST

## TRUST AGREEMENT

### Article One

#### DECLARATIONS

THIS TRUST AGREEMENT is made this 19th day of June, 2014 by and between **MC Schwartz, LLC/Moishe Schwartz (officer)**, with an address of 174 Broadway, Brooklyn, NY 11211 (herein collectively called the "Grantors", each individually a "Grantor" or as the "Settlor"), **Joel Kohn**, residing at 204 Broadway, Brooklyn, NY 11211 and **Yisocher Kaufman** residing at 829 Bedford Ave., Brooklyn, NY 11205 (herein collectively called the "Trustees" and/or "Co-Trustees", each individually a "Trustee").

Reference to a Trustee or the Trustees under this Declaration of Trust shall mean the masculine, feminine or neuter, singular or plural, whichever may be applicable.

Whereas, the Settlor desires to establish a Trust upon conditions and for the uses and purposes hereinafter set forth;

The Grantor and the Trustee hereby declare their mutual agreements governing the Trust fund (herein the "Trust") to be as contained in this instrument. This Trust is designated and shall be known as the **"The K&K Trust"** with an address of 204 Broadway, Brooklyn, NY 11211.

This trust is irrevocable. The Grantor realized that the right may be reserved to revoke or amend the trust, but the Grantor expressly waives all such rights and powers, whether alone or in conjunction with others, and this trust is not subject to alteration, amendment or revocation. The Grantor further waives and relinquishes absolutely and forever all Grantor's possession or enjoyment of, or right to the income from ,the trust property, and all Grantor's right and power, whether alone or in conjunction with others, to designate the persons who shall possess or enjoy the trust property, or the income

**In the event 2 or more trustees are nominated:**

A. The Trustees must act jointly; any of the Trustees may delegate any and all

# Declaration of Trust

### Article Nineteen

### <u>Miscellaneous</u>

(A)     Wherever necessary or appropriate, the use herein of any gender shall be deemed to include the other gender; and the use herein of either the singular or the plural shall be deemed to include the other.

(B)     All references to "child" or "issue" shall mean a natural child or legally adopted child.

(C)     This Agreement shall become effective, as of the day and year first above written, upon the execution thereof by the Settlor and the Trustees. It shall be governed and construed in all respects according to the laws of the state of New York.

(D)     To the extent required by law, if not otherwise terminated, this Trust shall terminate twenty-one (21) years after the death of the last to die of the Settlor, her spouse, and all of the Settlors's issue living at the time this Trust was established, and the remaining proceeds of this Trust shall then be paid to the remaining beneficiaries of the Trust.

**IN WITNESS WHEREOF**, the Settlor and the Trustees, to evidence their acceptance of this Agreement, has hereunto set their hands and affixed their seals, all on the day and year first above mentioned.

_____
MC Schwartz/Moishe Schwartz, Settlor

_____
Joel Kohn, Trustee

_____
Yisocher Kaufman, Trustee

# Declaration of Trust

SCHEDULE A

"Beneficiaries" shall be Joel Kohn (to settle all current and future debts, liabilities, obligations and promises of Nathan Kaufman, this Trust, Trust Estate and the Property hereinafter) as described in Schedule B attached hereto and Yisocher Kaufman as described in Schedule C attached hereto.

The Settlor hereby transfers to the Trustees or the Trustees have otherwise acquired the property listed below:

Description of Property

174 Broadway, Brooklyn, NY 11211

_____
MC Schwartz/Moishe Schwartz, Settlor

_____
Joel Kohn, Trustee

_____
Yisocher Kaufman, Trustee

# Declaration of Trust

STATE OF NEW YORK

COUNTY OF ĸ ι-

On this ⌐ day of 5 ⌐ , 2014 before me personally appeared Moishe Schwartz, officer of MC Schwartz, LLC a person known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity and that by his/her signature on the instrument, the individual or the person on behalf of which the individual acted, executed the instrument.

Notary Public

STATE OF NEW YORK

COUNTY OF ĸ ι-⌐

Notary ⌐ ⌐ ⌐ York
⌐ . . ⌐ ⌐ ⌐ ⌐

On this ⌐ day of ⌐, 2014 before me personally appeared Joel Kohn a person known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity and that by his/her signature on the instrument, the individual or the person on behalf of which the individual acted, executed the instrument.

Notary Public

STATE OF NEW YORK

COUNTY OF ĸ ι⌐

Notary Public, ⌐ ⌐ York
No ⌐ ⌐
⌐ ⌐ ⌐ ⌐
Commission ⌐ ⌐ ⌐ 17

On this ⌐ day of ⌐, 2014 before me personally appeared Yisocher Kaufman a person known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity and that by his/her signature on the instrument, the individual or the person on behalf of which the individual acted, executed the instrument.

Notary Public

Notary Pu⌐ ⌐ ⌐

⌐ ⌐